UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JIMMIE C. ODOM-ALVARADO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| TOM BENSON IMPORT, INC., | § | SA-05-CA-0221 FB (NN) |
| | § | |
| Defendant. | § | |

**NOTICE REGARDING SUA SPONTE MOTION FOR SUMMARY JUDGMENT**

The purpose of this order is to notify plaintiff Jimmie Odom-Alvarado that I am considering a recommendation for summary judgment on Odom-Alvarado's unlawful discharge claim under the Age Discrimination in Employment Act (ADEA). On May 17, 2005, Odom-Alvarado filed an amended complaint and alleged that defendant Tom Benson Imports (Benson Imports) failed to promote her to the positions of warranty administrator and booker because of her age (the failure-to-promote claim). She further alleged that Benson Imports terminated her on the basis of her age (the unlawful discharge claim). Odom-Alvarado asserted that these purported actions violated the ADEA. Odom-Alvarado also alleged that Benson Imports violated the Family Medical Leave Act (FMLA) by terminating her because she exercised her right to medical leave under that act.

On June 2, 2006, Benson Imports moved for summary judgment on Odom-Alvarado's failure-to-promote claim and her FMLA claim; however, it did not move for summary judgment on Odom-Alvarado's unlawful discharge claim. Odom-Alvarado responded to the motion, but failed to address Benson Imports's argument regarding her failure-to-promote claim. Instead, Odom-Alvarado addressed her unlawful discharge claim and presented summary judgment

evidence to show that a fact issue exists about whether Benson Imports's stated reasons for terminating her were a pretext for age discrimination.

Establishing a prima facie case of age discrimination raises an inference of unlawful discrimination, and the burden of production then shifts to the defendant-employer to proffer a legitimate, nondiscriminatory reason for the challenged employment action.[1]  If the defendant-employer meets this burden, the plaintiff must then produce evidence to demonstrate that the employer's presumably nondiscriminatory reason for terminating her was a pretext for intentional discrimination.[2]  Although Benson Imports did not did not ask for summary judgment on the unlawful discharge claim, my examination of the summary judgment evidence identified no evidence that raises a genuine issue of material fact about whether Benson Imports's stated reasons for terminating Odom-Alvarado were a pretext for age discrimination.  Thus, it appears summary judgment is appropriate on Odom-Alvarado's unlawful discharge claim.

Ordinarily, a court may not enter summary judgment in the absence of a written motion.[3]  But summary judgment is permitted in the absence of a written motion if a written motion is unnecessary and the parties have adequate notice and an opportunity to be heard.[4]  In this case, a written motion is unnecessary.  Benson Imports's motion did not specifically address the

---

[1]*See Baker v. Am. Airlines*, 430 F.3d 750, 754 (5th Cir. 2005) (discussing the burdens in an age discrimination case).

[2]*See Baker*, 430 F.3d at 754.

[3]*See* FED. R. CIV. P. 56 (providing for motions for summary judgment); *Matter of Hailey*, 621 F.2d 169, 171 (5th Cir. 1980) (observing that Rule 56 does not indicate that a judge may render a summary judgment sua sponte).

[4]*See Matter of Hailey*, 621 F.2d at 171 (explaining that a party must be timely served and given an opportunity to respond and present summary judgment evidence).

unlawful discharge claim, but the motion asked for dismissal of all claims in its prayer and Odom-Alvarado treated Benson Imports's motion as including a motion for summary judgment on that claim.  Odom-Alvarado presented her argument about why summary judgment is inappropriate on her unlawful discharge claim in her response to Benson Imports's motion for summary judgment and Benson Imports responded to that argument in its reply to Odom-Alvarado's response.  In addition, Odom-Alvarado presented summary judgment evidence to support her argument about why summary judgment is inappropriate on her discharge claim. Nevertheless, the Court is mindful of the importance of notice and the opportunity to be heard. Consequently, I notify Odom-Alvarado that I have seen no evidence that raises a question of fact about whether Benson Imports's stated reason for terminating Odom-Alvarado was a pretext for age discrimination and I am considering a recommendation for summary judgment on Odom-Alvarado's unlawful discharge claim.  Because the Local Court Rules for this district give a party 11 days from service a motion to respond, I will give Odom-Alvarado 11 days from service of this order to present any further argument and any additional documentary evidence that may preclude summary judgment on her unlawful discharge claim.

     **SIGNED** on November 30, 2006.

                                              _____
                                              NANCY STEIN NOWAK
                                              UNITED STATES MAGISTRATE JUDGE